## LIFSHITZ v. SCHWARTZ.

(Supreme Court, Trial Term, Kings County. December 11, 1907.)

1. NEW TRIAL—GROUNDS—WEIGHT OF EVIDENCE.

The judge should not set aside a verdict where there is evidence to support it simply because he would have found to the contrary, where the verdict is not clearly and palpably unjust.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 142.]

2. BROKERS—ACTIONS FOR COMPENSATION—EVIDENCE — WEIGHT AND SUFFICIENCY.

In an action by a broker for commissions, involving the questions whether plaintiff was employed by defendant as broker to effect a sale of certain premises, and whether he was the procuring cause of the sale, evidence examined and held sufficient to sustain the verdict for plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 116–120.]

3. TRIAL—OBJECTIONS TO EVIDENCE—FAILURE TO OBJECT.

It is the duty of counsel to object to the introduction of improper evidence.

Action by Samuel Lifshitz against Roas Schwartz for a broker's commission for the sale of land. Judgment for plaintiff, and defendant moves for new trial. Motion denied.

Michael Kaufman, for plaintiff.
David W. Rockmore, for defendant.

KELLY, J. In this case I submitted to the jury the questions whether the plaintiff was employed by the defendant to act as broker on the sale of the premises, and whether he was the procuring cause of the sale. The only direct evidence as to employment came from the plaintiff, who testified that the property was given him for sale in connection with another broker, and plaintiff also testified to an express promise by defendant's husband and agent to pay him one-half the commission of 1 per cent.

If I were sitting as a juryman, I would have found against the plaintiff on these propositions, because I am not satisfied on the whole case that the evidence establishes the hiring and the service. But as I understand it, the litigants are entitled to the verdict of 12 jurymen on

the issue; and where there is evidence to support their finding, the judge is not justified in setting the verdict aside simply because he might have found to the contrary, provided the verdict is not clearly and palpably unjust.

On reflection, I find that there are facts in the case corroborative of plaintiff's claim. A great deal of testimony was allowed to go before the jury which would have been excluded had objection been made by defendant's counsel. In fact, the court on one or two occasions called the attention of the defendant's attorney to his failure to make objection. In the trial of issues responsibility for objecting to testimony offered must rest with counsel for the parties. A judge hesitates to interfere to exclude evidence which the parties appear to be willing to bring before the jury. On many trials evidence is elicited and suffered to go to the jury whch appears immaterial, and which, to the mind of the court, only serves to confuse the issue, but the judge cannot know what the counsel have in mind or what bearing the proposed evidence may have on the entire transaction, which is known to the parties and not to the court. And in the case at bar the responsibility must rest with defendant's counsel.

In this case the property was sold, and it was conceded that the usual commission on such sales was 1 per cent. Plaintiff claimed that he acted with another broker. This other broker received one-half the usual commission. It is true that he divided that one-half commission among a number of other claimants. But the other one-half of the usual commission was not paid to any one. It may well be that the jury considered this fact in connection with all the other testimony. If any of the brokers in the case had performed the whole work, it is unlikely that they would have failed to claim the remainder of the commissions. No one appears to claim it, but the plaintiff. If plaintiff is not entitled to it, there appears to be no other claimant, and this fact, coupled with plaintiff's demand and his testimony as to an express promise to pay him, believed by the jury, seems to present a case where I should not substitute my own judgment for that of the 12 jurymen who reached a verdict in less than 15 minutes after leaving the court room.

The motion for a new trial is denied.